Filed 10/27/23

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-00015

| David Bedor v. Amanda Bedor |
|---|

## DECISION ON THE MERITS

While this is nominally an ejectment case involving Plaintiff David Bedor, the record owner of the property at issue, 822 Diamond Hill Road in Lyndonville, Vermont, it is at once a more complicated dispute involving domestic abuse and issues of coercion, duress, and undue influence. Defendant Amanda Bedor seeks to stop her ejectment on the grounds that she was forced to sign over her legal interests in the property by her now-estranged husband Frederick Bedor. After reviewing the evidence and the law, the Court finds that David Bedor, as legal owner of the property, has the right to ejectment, and the Court grants him the relief sought.

*Findings*

On December 28, 2020, Frederick Bedor and his wife, Defendant Amanda Bedor, transferred their interests in property at 822 Diamond Hill Road to Frederick's cousin David Bedor and David's wife, Stefny. At the time of the transfer, Frederick and Amanda were married and had two children and used the property as their primary residence. Title to the house was in Frederick's name alone as he had owned prior to his marriage, but Amanda likely held certain homestead rights in the property under Vermont law. 27 V.S.A. §§ 101, et sec. The transfer arose because Frederick and Amanda were facing foreclosure and a possible tax sale. Frederick had been diagnosed with cancer, and he had not been able to work for several months prior to the transfer. At the time, Amanda did not work, and they had fallen behind in his monthly mortgage and property tax payments.

According to David, Frederick approached him about purchasing the property, which David agreed to do. David did not pay any consideration directly to Frederick. Instead, David paid off the remaining mortgage and any unpaid property taxes. David calculates that this was close to $70,000 and freed the property from any outstanding liens. In return for this consideration, Frederick and Amanda deeded the property to David and Stefny. Amanda testified that she did not want to transfer

the property to David, but Frederick forced her to sign the deed and would not let her return home until she signed her interest over.

At the time of the transfer, Amanda was living at the property, but Frederick was not. Amanda had filed for relief from abuse, and Frederick had been removed from the property. David was not a party to this dispute, and it does not appear that he had any discussions with Amanada leading up to the transfer. David testified that it was his understanding that Frederick or Amanda could remain in the home indefinitely if they paid the property taxes and insurance for the property. David estimates that these expenses ran approximately $7,000 per year. It is undisputed that neither Frederick nor Amanda have made any such payments and neither has offered to do so during the course of this case. Instead, David has paid these expenses. Amanda has occupied the house since the transfer in 2020, and she has performed maintenance to the house and yard and has paid her own utilities.

Amanda testified that she tried to create a tenancy with David by offering to pay monthly rent to him. He refused and has never accepted rent money from her. In August 2022, David sent Amanada a notice of termination that complied with 9 V.S.A. § 4467(c)(1)(B). David states that he wants Amanda out of the property because he intends to put his daughter into the property as she is in need of housing. Amanda has refused to vacate the property, and the present action for ejectment has followed.

*Legal Analysis*

The primary issue before the Court is whether Amanda Bedor's transfer of her homestead interests to David Bedor was effective as a matter of law. Amanda claims that Frederick Bedor pressured and coerced her to sign interests over, an act that she did not want to do. Undue influence arises when pressure is exerted on an individual such that the individual no longer exercises his or her free will. *Landmark Trust (USA), Inc. v. Goodhue*, 172 Vt. 515, 524 (2001). Any type of coercion, including physical, mental, or moral, "which subverts sound judgment and desire of the individual is enough to constitute undue influence." *Iin re Everett's Will*, 105 Vt. 291, 315 (1933). A party claiming such coercion and undue influence bears the burden of proving this claim. *Landmark*, 172 Vt, at 525.

In this case, Amanda Bedor testified credibly that she felt forced by her husband Frederick to sign over her homestead interest. This feeling of pressure appears to have been part of a long pattern of domestic abuse that Frederick committed against her, and the Court finds it credible that she felt coerced by Frederick into signing the document. However, the facts also show that this decision was

not undue influence because the circumstances of the sale were such that both Frederick and Amananda had little to no choice but to deed the property to a third party. At the time of the transfer, the mortgage payments were in arrears, and the couple had missed several property tax payments. Either the bank would be foreclosing on the property, or the Town would be putting it up for tax sale. At the time, neither Frederick nor Amanda was working, and neither had private resources to cure the arrearages and defaults. If the bank foreclosed on the property, Frederick and Amananda risked losing the property entirely along with the possibility that Frederick would be liable for a deficiency judgment. If the Town sold the property at tax sale, then Frederick and Amanda would lose the property entirely within a year of the sale. David's offer to purchase the property and pay off these debts promised to provide a temporary cure to the situation in that it would avoid foreclosure and keep the property in the hands of family and a friend who would presumably be more flexible about allowing Frederick or Amanda to remain at the property.

In fact, this is how this situation played out as Amanda has been permitted to remain in possession of the property for three years without any cost, beyond the maintenance and utilities. The issue of coercion and pressure appears to be limited to Frederick's efforts to get Amanda to join him in signing and as a function of his relationship with Amanda. There is no evidence that David was involved in this coercion or aware of it. The evidence shows that Frederick was more comfortable with this sale, but the evidence does not indicate that Amanda had a different plan or other options. The standard for undue influence requires more than regret or contracting under difficult and unfavorable circumstances. Amanda's interest in the property at the time of transfer was limited to her homestead interests. She did not have the ability or right to seek other financing options. If foreclosure or tax sale had gone forward, her interest would not have protected her from losing the property. Moreover, there is no evidence that any pressure in this transfer came from David Bedor, and at the time of transfer Amanda had begun to remove herself from Frederick's influence. She had removed him from the property. She further signed over her interest in front of an attorney to which she attested that the act was done of her own free will.

In addition to this lack of evidence of undue influence or lack of will, Amanda has lived at the property for three years without Frederick and his influence, and she has never sought to undo the transfer or make the claim that the transfer was improper. Amanda has been willing to reap the benefits of the bargain and now only seeks to challenge it when on the cusp of ejectment. She has not explained why she delayed in raising this defense or challenging the underlying transaction apart from stating that she thought she could remain in the house forever—a belief that does not appear to be

supported by any statement or representation from David Bedor or the facts of this case. During this time, David has incurred approximately $21,000 in additional carrying costs and has engaged in the costly process of ejectment. In such cases, where a party fails to assert its rights or claims for an unreasonable and unexplained period of time and such delay is prejudicial to the adverse party, the Court will not enforce such rights or claims under the doctrine known as laches. *Mann v. Levin*, 2004 VT 100, ¶¶ 26–27. The Court finds that Amanda's silence and failure to enforce her claim of undue influence for the three years prior when David incurred additional expenses and carried the cost of the property and its purchase constitutes laches and provides further reason not to disturb the 2020 transfer. This finding is further supported by the fact that during this time Amanda did not seek to undo the transaction but sought to create a tenancy with David, which in and of itself accepts the transfer as legitimate.

For these reasons, the Court finds that there is insufficient evidence to establish undue influence, duress, or coercion sufficient to undue the sale. In making this finding, the Court does not rule on whether or not Frederick's behavior toward Amanada was in and of itself abusive or whether the pressure he brought to bear caused any damage to Amanda. While Frederick did not testify at the hearing, the undisputed evidence indicates that his behavior was consistently abusive toward Amanda and indicate a history of domestic violence, and such actions while deplorable and potentially grounds for other relief do not constitute grounds for Amanda to undue her transfer of interest to David and Stefny.

This brings the Court to David's primary complaint and request for ejectment. The evidence shows that David complied with 9 V.S.A. § 4467(c)(1)(B) and gave timely notice of the termination of any tenancy that existed as of August 2022. Amanda did not vacate the premises following this notice and continues to reside at the property. David filed the present action in a timely manner, and has established that he is the rightful owner of the property, that any tenancy he had with Amanda was at will, and that he has properly ended the tenancy for no cause. Therefore, David is entitled to regain possession of his property. 12 V.S.A. § 4854.

## Conclusion

Based on the foregoing, the Court grants judgment in ejectment to Plaintiff David Bedor against Defendant Amanda Bedor and any other person residing at 822 Diamond Hill Road in Lyndonville, Vermont. Plaintiff shall prepare a writ of possession for the Court clerk to issue. No damages have been sought, and none are awarded in this matter. The Court will allow Plaintiff 14

days after taking possession of the dwelling unit to file for any damages that he has evidence were caused by Defendant and post-date his purchase of the property and exceed normal wear and tear. If no request for damages is filed, the Court shall consider the matter closed and will issue a final judgment.

Electronically signed on 10/26/2023 11:29 AM pursuant to V.R.E.F. 9(d)



_____
Daniel Richardson
Superior Court Judge

Electronically signed pursuant to V.R.E.F. 9(d)

John S. Hall

Assistant Superior Court Judge

Electronically signed pursuant to V.R.E.F. 9(d)

_____
Merle L. Haskins
Assistant Superior Court Judge